# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **FREY AGRICULTURAL PRODUCTS, INC.** | * | |
| *Plaintiff,* | * | |
| v. | * | Case No. 1:25-CV-00045-JMC |
| **LIBERTY MUTUAL INSURANCE COMPANY, *et al.,*** | * | |
| *Defendants.* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, Frey Agricultural Products, Inc. ("Frey"), initiated the present lawsuit against Liberty Mutual Insurance Company ("Liberty Mutual") and Ohio Casualty Insurance Company ("OCIS") on November 22, 2024, in the Circuit Court for Frederick County, Maryland. (ECF No. 3). Plaintiff asserts two counts against Defendants: Declaratory Judgment (Count I); and Breach of Contract (Count II). *Id.* at 4-5.[1] Upon Defendants' January 6, 2025 petition, and under a diversity of citizenship theory, the lawsuit was removed to this Court. (ECF No. 1). On February 7, 2025, Defendants filed their Answer. (ECF No. 16). Currently pending before the Court is Defendants' Motion for Judgment on the Pleadings and Plaintiff's Cross-Motion for Judgment on the Pleadings. (ECF No. 30; ECF No. 33). The motions have been fully briefed, (ECF No. 30; ECF No. 33; ECF No. 34; ECF No. 35), and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth herein, Defendants' Motion for Judgment on the Pleadings (ECF No. 30)

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. Where a document is not electronically stamped, the citation is instead to the number at the bottom of the page.

shall be GRANTED and Plaintiff's Cross-Motion for Judgment on the Pleadings (ECF No. 33) shall be DENIED. Plaintiff's claims shall be dismissed without prejudice, and with leave to amend.

## I. BACKGROUND[2]

This action arises out of the partial denial of Frey's claim under an insurance policy (the "Policy") purchased from Liberty Mutual and underwritten by OCIS. (ECF No. 3). In late 2022, Frey placed an order for the purchase of a "Remanufactured Complete Left-handed Automatic Sawmill" (the "Sawmill") from D&D Services ("D&D"). (ECF No. 33-1 at 6; ECF No. 3 at 3). Delivery of the Sawmill, other than some components, occurred by at least February 1, 2024, and full assembly was achieved sometime before April 14, 2024. (ECF No. 3 at 4). On April 14, 2024, a fire on Frey's property damaged the Sawmill. *Id*. Two days later, on April 16, 2024, Frey reported the loss of the Sawmill to Defendants. *Id*. On June 21, 2024, Defendants denied Plaintiff's claim, citing lack of Policy coverage on the Sawmill. *Id*.

The Policy, effective September 15, 2023 through September 15, 2024, primarily provides for coverage of specific pieces of equipment as listed in the "Equipment Schedule," but also provides several supplemental coverages. (ECF No. 3-2 at 21-26; ECF No. 3-2 at 51-52). Among the supplemental coverages described in the policy is a 60-day coverage found under the subheading "Newly Purchased Property": "'We' cover direct physical loss caused by a covered peril to additional 'contractors' equipment' that 'you' purchase during the policy period." (ECF No. 3-2 at 51-52).

Currently pending before the Court is Defendants' Motion for Judgment on the Pleadings, and Plaintiff's Cross-Motion for Judgment on the Pleadings. (ECF No. 30; ECF No. 33).

---

[2] The following facts are undisputed, unless specifically noted, or otherwise characterized as being the position of one of the parties.

Defendants seek judgment as to both counts of Frey's complaint. (ECF No. 30). Frey also seeks judgment as to both counts. (ECF No. 33).

## II. LEGAL STANDARD

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Fed. R. Civ. P. 12(c). In deciding a motion under Rule 12(c), the same legal standard is applied as for a motion to dismiss under Rule 12(b)(6). *Bel Air Auction, Inc. v. Great N. Ins. Co.*, 534 F. Supp. 3d 492, 500 (D. Md. 2021) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). As such, "a court evaluating a motion for judgment on the pleadings must assume that the well-pleaded facts alleged in the complaint are true and must draw all reasonable factual inferences in favor of the non-moving party." *Hamilton Jewelry, LLC v. Twin City Fire Ins. Co., Inc.*, 560 F. Supp. 3d 956, 961 (D. Md. 2021) (relying, in part, on *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.,* 932 F.3d 268, 274 (4th Cir. 2019)). Thus, when the pleadings, including attachments relied on in the complaint, "fail to state any cognizable claim for relief . . . the matter can . . . be decided as a matter of law." *O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000); *Pulte Home Corp. v. Montgomery Cnty*, 271 F. Supp. 3d 762, 769 (D. Md. 2017), aff'd, 909 F.3d 685 (4th Cir. 2018).

"If the court considers matters outside of the pleadings on a Rule 12(b)(6) motion, it shall treat the motion as one for summary judgment, to be disposed of under Rule 56, and provide all parties a 'reasonable opportunity to present all material made pertinent to such a motion.'" *Nader v. Blair*, No. WDQ-06-2890, 2007 WL 6062652, at *4 (D. Md. Sept. 27, 2007), aff'd, 549 F.3d 953 (4th Cir. 2008) (quoting Fed. R. Civ. P. 12(b)). The same applies to motions filed pursuant to Ruel 12(c). Fed. R. Civ. P. 12(d). However, "[u]nder limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider exhibits, without converting the motion to dismiss to one

for summary judgment." *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 501 (D. Md. 2019).

"Those limited circumstances are matters of public record, documents explicitly incorporated into

a complaint by reference or attached to the complaint as exhibits, or any document submitted by

the movant that was not attached to or expressly incorporated in a complaint, so long as the

document was integral to the complaint and there is no dispute about the document's authenticity."

*Shields v. Verizon Md., LLC*, No. 1:23-CV-02932-JMC, 2024 WL 1050996, at *4 (D. Md. Mar.

11, 2024) (quotation omitted). "A document is integral to the complaint if its very existence, and

not the mere information it contains, gives rise to the legal rights asserted." *Reamer v. State Auto.

Mut. Ins. Co.*, 556 F. Supp. 3d 544, 549 (D. Md. 2021), aff'd, No. 21-2432, 2022 WL 17985700

(4th Cir. Dec. 29, 2022), and aff'd, No. 21-2432, 2022 WL 17985700 (4th Cir. Dec. 29, 2022)

(quotation omitted).

　　　　Because Plaintiff relies on both the contract and letter attached to the Complaint in bringing

this lawsuit and references them both consistently in its Complaint, the Court deems them to be

part of Plaintiff's pleadings and will resolve the pending motions with reference to those

documents without converting either motion into one for summary judgment. *See, e.g.*, *Miller v.

Pac. Shore Funding*, 224 F. Supp. 2d 977, 984 n.1 (D. Md. 2002), aff'd, 92 F. App'x 933 (4th Cir.

2004); *NAC Consulting, LLC v. 3Advance, LLC*, 650 F. Supp. 3d 441, 446 (E.D. Va. 2023) ("[A]

court can properly consider a contract in evaluating a motion to dismiss a contract dispute.");

*Lefkoe v. Jos. A. Bank Clothiers*, No. WMN-06-1892, 2008 WL 7275126, at * (D. Md. May 13,

2008 ("[O]nly those documents incorporated by reference into the complaint may be considered

in ruling on a motion for judgment on the pleadings."). "Moreover, where the bare allegations of

the complaint conflict with any exhibits or documents, whether attached or adopted by reference,

the exhibits or documents prevail." *Miller*, 224 F. Supp. 2d at 984 n.1 (citing *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)).

## III. ANALYSIS

### a. <u>Maryland Contract Law Applies</u>

Per the long-established Erie Doctrine, this Court, in a diversity action, generally applies the substantive law of the "forum state, including its choice of law rules." *Bank of La. v. Marriott Int'l, Inc.*, 438 F. Supp. 3d 433, 441-42 (D. Md. 2020). However, where the parties consent to the application of particular law, no further inquiry is necessary. *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997) (applying New York law where the parties relied primarily on New York law in their briefs, though Utah law may have been appropriate otherwise). Additionally, "[w]here neither party argues that the forum state's choice of law rules require the court to apply the substantive law of another state, the court should apply the forum state's substantive law." *Wiener v. AXA Equitable Life Ins. Co.*, 58 F.4th 774, 782 (4th Cir. 2023) (quoting *Echo, Inc. v. Whitson Co.*, 52 F.3d 702, 707 (7th Cir. 1995)). Therefore, because Maryland is the forum state, the parties rely on Maryland law in their briefs, and have not otherwise argued that a different forum's substantive law should govern, the Court applies Maryland law as well. (ECF No. 30; ECF No. 33).

### b. <u>Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted</u>

Frey asserts that Defendants have breached their insurance agreement for one of two reasons, either: 1) the Policy unambiguously provides coverage for 60 days after the Sawmill was "obtained," or 2) the Policy is ambiguous and thus should be construed against Defendants as the drafters of the Policy. (ECF No. 33-1). Defendants, to the contrary, argue that the supplemental coverage in the Policy unambiguously covers only "Newly Purchased Property" purchased within

the policy period. (ECF No. 30-1). In additional support of its declaratory judgment claim, Frey also briefly alleges unfair claim settlement practices under the Maryland Insurance Code. (ECF No. 3). The viability of both counts of Frey's complaint ultimately depend upon whether Frey's claim was rightly denied, thus, the Court focuses first on whether the Sawmill was covered under the Policy. In Maryland, insurance contracts are interpreted under the same framework as other contracts. *Sullins v. Allstate Ins. Co.*, 667 A.2d 617, 619 (Md. 1995). The elements of a breach of contract claim are (1) a contractual obligation; (2) breach of that obligation; and (3) damages. *Transamerica Premier Life Ins. Co. v. Selman & Co., LLC*, 401 F. Supp. 3d 576, 596 (D. Md. 2019) (quoting *Tucker v. Specialized Loan Servicing*, LLC, 83 F. Supp. 3d 635, 655 (D. Md. 2015) (citations omitted)).

### i. The Newly Purchased Property Coverage Only Applies to Property Purchased During the Policy Period

The Court will begin by examining the first element of a breach of contract claim—the scope of the obligation. *Transamerica*, 401 F. Supp. 3d at 596. In Maryland, contracts are interpreted by evaluating the four corners of the document, as a whole, for the objective intent of the parties. *Cochran v. Norkunas*, 919 A.2d 700, 709-10 (Md. 2007). Maryland courts give effect to the plain meaning of unambiguous language, without regard to the parties' subjective intent; however, contractual language that could have more than one meaning to a reasonable person, and is thus ambiguous, is interpreted as to "what a reasonable person in the position of the parties would have thought it meant." *Id.*

Frey contends that the contractual language of the "Newly Purchased Property" supplemental coverage is ambiguous because 1) the Policy does not define the word "purchase" and 2) the "Time Limitation" subsection uses the word "obtain." (ECF No. 3-2 at 51-52). Where key terms are not defined in a contract, it is best practice for an interpreter to reference their

dictionary definitions. *Metro. Life Ins. Co. v. Promenade Towers Mut. Hous. Corp.*, 581 A.2d 846, 854 (Md. Ct. Spec. App. 1990), aff'd, 324 Md. 588, 597 A.2d 1377 (1991). However, the mere existence of differing definitions is not sufficient to impute ambiguity where the definitions do not meaningfully conflict in the context of the contract. *W. F. Gebhardt & Co. v. Am. Eur. Ins. Co.*, 252 A.3d 65, 77 (Md. Ct. Spec. App. 2021) (quoting *Rigby v. Allstate Indem.*, 123 A.3d 592, 598-99 (Md. 2015)) ("[S]imply because [a party] can point to several slightly different dictionary definitions of [a word] does not render that term ambiguous."). In this case, Black's Law Dictionary defines purchase as either 1) "The act or an instance of buying" or 2) "The acquisition of an interest in . . . property by sale . . . or any other voluntary transaction." PURCHASE, Black's Law Dictionary (12th ed. 2024). These definitions do not conflict with each other in a way that credits a finding of ambiguity, particularly within the broader context of the Policy, which the Court will turn to next. *Compare Gebhardt*, 252 A.3d at 77 (holding phrase "at the premises" was unambiguous in interpreting contract, despite differing definitions of the word "at").

Contractual language that invites multiple interpretations may be ambiguous, but is not ambiguous where those alternative interpretations do not comport with the structure of the policy. *Compare Lithko Contracting, LLC v. XL Ins. Am., Inc.,* 318 A.3d 1221, 1237–38 (Md. 2024) (finding ambiguity existed where one provision of the contract contemplated additional parties without providing clarity on their identity), *with Tapestry, Inc. v. Factory Mut. Ins. Co.*, 286 A.3d 1044, 1056–58 (Md. 2022) (reasoning that contractual provisions were unambiguous where plaintiff's suggestion that "physical loss or damage" should broadly include temporary loss of use would have necessitated circular reasoning in contravention to the structure of the policy provisions). The Newly Purchased Property supplemental coverage is defined in the Policy through four parts, two of which are pertinent to this analysis:

3. Newly Purchased Property
    a. Coverage – "We" cover direct physical loss caused by a covered peril to additional "contractors' equipment" that "you" purchase during the policy period.

    . . .

    c. Time Limitation – "We" extend coverage to the additional "contractors' equipment" that "you" purchase for up to 60 days. This supplemental coverage will end when any of the following first occur:
        1) this policy expires;
        2) 60 days after "you" obtain the additional "contractors' equipment"; or
        3) "you" report the additional "contractors' equipment" to "us".

(ECF No. 3-2 at 51-52).

Plaintiff suggests that a limitation to the coverage, specifically titled as a limitation, should be read not to limit the coverage, but to expand it to include any contractors' equipment *obtained* during the policy period, regardless of when it was purchased. (ECF No. 3; ECF No. 33). The Court disagrees. Given the scope-and-limitation structure of the policy provision, the undersigned finds no reason to credit Plaintiff's assertion that a limiting clause should expand the coverage as earlier defined; the distinction that the clock on the supplemental 60-day coverage begins to run only after newly purchased property, purchased during the policy period, is obtained, logically stands on its own. Frey's suggestion is beyond the bounds of what a reasonable person might conclude, and would introduce contradiction into the Policy where it does not exist. Thus, this Court finds that the terms have one reasonable meaning, are unambiguous, and subject to a plain language interpretation. Accordingly, this Court holds that the "Newly Purchased Property" provision of the Policy only provides coverage for property purchased during the policy period.

    **ii.  Judgment on the Pleadings is Appropriate as to Both the Breach of Contract and Declaratory Judgment Claims**

With the scope of the obligation clarified, the court moves next to element two of a breach of contract claim—breach. *Transamerica*, 401 F. Supp. 3d at 596. Frey contends that Defendants breached their insurance contract by failing to pay for the damage to the Sawmill caused in the April 14, 2024 fire on Frey's property, reasoning that because the Sawmill was not "obtained" and "put into use" until less than 60 days before the fire, the supplemental Newly Purchased Property coverage of the Policy mandates Defendants pay. (ECF No. 33-1 at 9). In Maryland, a breach exists when the evidence shows a failure by one party to perform a contractual duty. *EBC Props., LLC v. Urge Food Corp.*, 290 A.3d 1053, 1070 (Md. App. Ct. 2023). In this case, Frey has not plead facts indicating that Defendants have failed to perform. Frey alleges in its complaint that it began the process of purchasing the Sawmill over a year prior to the inception of the policy period. (ECF No. 3 at 3). Furthermore, the letter attached to the complaint states the date of purchase of the Sawmill as October 13, 2022—a date which Plaintiff does not dispute. (ECF No. 3-3 at 2). Finally, in Frey's own brief, it states that it is undisputed that the "order for the purchase of the Sawmill was made in late 2022." (ECF No. 33-1 at 6). Thus, even viewing the facts in the light most favorable to Frey, the Sawmill was purchased before the policy period began in September 2023 and Defendants are not obligated to pay for its loss under the Policy. As alleged, Frey's breach of contract claim fails at element two.

Finally, Frey seeks a Declaratory Judgment stating that it is due payment for the Sawmill under the Policy and that Defendants' conduct constitutes unfair and deceptive insurance practices and/or unfair claim settlement practices under the Maryland Code. (ECF No. 3 at 4-5) (citing Md. Code Ann., Ins. §§ 27-201, 27-301). As the breach of contract theory has already been evaluated above, the Court turns briefly to Frey's unfair claim practices argument. Frey cites § 27-303 of Maryland's Insurance Code, which sets forth two grounds for a claim: (1) misrepresenting

pertinent facts or policy provisions related to the claim or coverage at issue; and (2) refusing to pay a claim for an arbitrary or capricious reasons based on all available information. (ECF No. 33-1 at 9); Md. Code Ann., Ins. § 27-303. Regarding the first basis, Frey alleges no misrepresentation other than Defendants' interpretation of the contract, an interpretation with which this Court agrees. Likewise, there is no basis for this Court to find that the denial of the claim was arbitrary or capricious because denial was appropriate per the Policy. The Court therefore finds, as to both Counts I and II, that Frey has failed to state a claim upon which relief may be granted.

## IV.    CONCLUSION

For the reasons stated, it is this 19th day of August, hereby ordered:

1) Defendants' Motion for Judgment on the Pleadings (ECF No. 30) is GRANTED;

2) Plaintiff's Cross-Motion for Judgment on the Pleadings (ECF No. 33) is DENIED;

3) Plaintiff's claims are DISMISSED without prejudice;

4) Plaintiff may file an amended complaint within twenty-eight (28) days of the entry of this Order; and

5) If Plaintiff does not file an amended complaint within twenty-eight (28) days, the Clerk is directed to close this case.

Dated: August 19, 2025

_____
/s/

J. Mark Coulson
United States Magistrate Judge